**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANIE HOLMAN,<br><br>                    Plaintiff,<br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, and TD BANK USA, N.A.,<br><br>                    Defendants. | Civil Action No.:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Shanie Holman ("Plaintiff") brings this action against defendants Equifax Information Services, Inc. ("Equifax") and TD Bank USA, N.A. ("TD Bank") (collectively, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Equifax has been selling credit reports containing inaccurate information about Plaintiff's credit history concerning Plaintiff's TD Bank account. Plaintiff disputed the reporting in writing, which triggered Defendants' statutory obligation to conduct an investigation, mark the account as disputed, and update the reporting as necessary. Defendants, however, failed to meet their obligations under the FCRA.

3. Plaintiff later was denied an extension of credit based on information contained in her Equifax reports, and has been forced to deal with aggravation and humiliation of a poor credit score. Accordingly, Plaintiff is entitled to damages.

1

## PARTIES

4. Plaintiff resides in Queens County, New York, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

5. Defendant Equifax is a foreign corporation that regularly conducts business in this District. Equifax qualifies as a "consumer reporting agency" under the FCRA.

6. Defendant TD Bank is a foreign corporation that regularly conducts business in this District. TD Bank qualifies as a "furnisher" of credit information under the FCRA, and maintains its principal place of business located at 1701 Marlton Pike E, Cherry Hill, NJ 08034.

## JURISDICTION AND VENUE

7. The claims asserted in this complaint arise under §§1681e, 1681i, and 1681s-2 of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

8. Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

9. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. 1681a.

10. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports, and set up reasonable procedures to maintain

compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

11. The FRCA imposes similar obligations on furnishers of credit information. After receiving notice of a consumer's dispute from a credit bureau that information was inaccurate, furnishers are required to conduct a reasonable investigation regarding the disputed information, mark the account as disputed, and update the account as necessary.

12. Plaintiff has a legally protected interest in Defendants fulfilling their respective duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

**Equifax and TD Bank Violated the FCRA and Damaged Plaintiff**

13. Equifax has been selling credit reports containing inaccurate balance and past due amount information on Plaintiff's Target credit card account issued by TD Bank.

14. On October 31, 2019, Plaintiff disputed the erroneous reporting by submitting a written dispute through Equifax's FCRA compliance division. The dispute letter also asked Equifax to mark the account as disputed.

15. Equifax notified TD Bank of Plaintiff's dispute letter, as required by federal statute.

16. The receipt of Plaintiff's dispute letter triggered Defendants' obligations to conduct an investigation, mark the account as disputed, and update the reporting as necessary.

17. Defendants, however, failed to conduct an investigation, mark the account as disputed and update the reporting as necessary.

18. Plaintiff was later denied an extension of credit based on information contained in her Equifax report.

19. Plaintiff has been forced to deal with the aggravation, humiliation, and embarrassment of a low credit score.

20. Accordingly, Plaintiff is entitled to damages.

## CAUSES OF ACTION

### COUNT I

**Against Equifax for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

21. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

22. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.
>
> 15 U.S.C. §1681e(b) (emphasis added).

23. Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and update the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> *Id.* §1681i(a)(1) (emphasis added)

24. Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows

> *Before the expiration of the 5-business-day period* beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

4

*Id.* §1681i(a)(2) (emphasis added).

25. Equifax failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports. Although Plaintiff disputed the inaccurate information in writing, Equifax willfully, or at least negligently, failed to perform a reasonable investigation, mark the account as disputed, and update the account as necessary.

26. Equifax's willful and/or negligent failure to follow reasonable policies and procedures to meet its obligations under the FCRA was a direct and proximate cause of Plaintiff's injury.

27. As a result of Equifax's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against TD Bank for Violations of the FCRA, 15 U.S.C. §1681s-2(b)

28. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

29. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and update the disputed information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A)  *conduct an investigation with respect to disputed information*;
>
> (B)  review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C)  report the results of the investigation to the consumer reporting agency; [and]
>
> (D)  if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

5

15 U.S.C. § 1681s-2(b) (emphasis added).

30. TD Bank failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice thereof from Equifax, failed to mark the account as disputed, and failed to update the account as necessary.

31. TD Bank willfully, intentionally, recklessly, and/or negligently continued to report inaccurate information to Equifax without marking the account as disputed.

32. As a result of TD Banks's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress.

33. TD Bank's conduct was a direct and proximate cause of Plaintiff's damages.

34. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. §§1681n and 1681o.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

1. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

2. awarding attorney's fees and costs, and other relief; and

3. awarding such other relief as to this Court may seem just and proper.

DATED: July 31, 2020                    **COHEN & MIZRAHI LLP**

                                         _/s/ Edward Y. Kroub_
                                         EDWARD Y. KROUB

                                         EDWARD Y. KROUB
                                         300 Cadman Plaza West, 12th Floor
                                         Brooklyn, NY  11201
                                         Telephone:  929/575-4175
                                         929/575-4195 (fax)
                                         edward@cml.legal

                                         _Attorneys for Plaintiff_